IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Otis Hosley, | ) | C/A No.: 1:24-1621-SAL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Warden Jansen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Otis Hosley ("Petitioner"), Federal Register Number 20463-104, is a federal inmate who was housed by the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") Edgefield.[1] Proceeding pro se, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss. [ECF No. 10]. The motion having been fully briefed [ECF Nos. 14, 18], it is ripe for disposition.

    Having carefully considered the parties' submissions and the record in this case, the undersigned recommends Respondent's motion be granted.

---

[1] The court takes judicial notice that the BOP's website identifies Petitioner as no longer housed at FCI Edgefield, but instead as housed at FCI Atlanta. https://www.bop.gov/mobile/find_inmate/index.jsp (last visited on August 22, 2024). *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record"). Petitioner is reminded he has been directed to notify the clerk of the court in

1

I.      Factual and Procedural Background

Petitioner filed this action pursuant to 28 U.S.C. § 2241, alleging his case manager refused to process his petition for commutation of sentence for an expedited response from the Office of the United States Pardon Attorney. [*See* ECF No. 1 at 2, 6–7]. Specifically, he asserts as follows:

> As a none violent drug offender. I qualify to have my sentence commuted by the President, whom is granting Executive Clemency for none violent drug offenders. And on 11/29/2023, I turned in my petition to Case Manager, C. Bray for an expedited response from the pardon Attorney and the Case Manager [ ] refused (For the 2nd time) to—process my petition. I showed him a copy of the BOP Program Statement[2] and asked was he refusing to do his job and he stated, "Yes, send it off yourself."

*Id.* at 7 (errors in original).

Petitioner has submitted evidence in conjunction with his habeas petition that on December 12, 2023, he submitted a request for administrative remedy to the BOP as to this issue and received the following response:

> This is in response to your Request for Administrative Remedy, dated December 12, 2023, and received December 19, 2023, wherein you requested for your Case Manager to submit your clemency packet to the US Pardon Attorney.

---

writing of any change of address. [*See* ECF No. 7].

[2] Petitioner is referencing BOP Program Statement 1330.15, *Commutation of Sentence, Petition for*, that provides in part the requirement that "inmates [must] submit petitions through their Wardens if they wish expedited consideration by the U.S. Pardon Attorney." BOP Program Statements are available on the BOP's public website at www.bop.gov.

2

> Your request has been reviewed and it has been determined, you currently have a Clemency Application open and under review by the United States Pardon Attorney. Specifically, an email dated November 1, 2023, by the United States Pardon Attorney has been received stating they have received your correspondence to the White House, and it was added to your case file and is currently open and under review.
>
> Therefore, based on the above, this response to your Request for Administrative Remedy is for informational purposes only.

[ECF No. 1-1 at 3–4].

Petitioner seeks the following relief: "I want the court to have/ensure my petition is processed through the case manager and Warden of Edgefield, FCI, South Carolina, for an expedited response from the Pardon Attorney's Office." [ECF No. 1 at 8].

II.   Discussion

    A.   Habeas Corpus Standard of Review

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5.

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing

3

Section 2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Respondent argues that Petitioner's claim in this action is not cognizable in a petition for habeas corpus under 28 U.S.C. § 2241 and instead

---

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

should have been presented in a 42 U.S.C. § 1983 action. In support, Respondent relies on *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), arguing that "the Supreme Court held that challenges to parole procedures were cognizable under section 1983, not habeas, because a habeas petition is not the appropriate avenue when success in the suit "would not necessarily spell immediate or speedier release for the prisoner." [ECF No. 10 at 3–4 (citing *Wilkinson*, 544 U.S. at 81–82)].

Respondent further argues that "dismissal is required, as any alternative action would have to be re-pled on the proper form and the appropriate filing fee paid." *Id.* at 5 n.4 (citing *Burge v. DeSantis*, C/A No. 5:21-206/TKW/EMT, 2021 WL 5506474, at *1 (N.D. Fla. Nov. 24, 2021) ("The Court did not overlook Petitioner's request that the petition be construed as a civil rights action under 42 U.S.C. § 1983, but the Court rejects that request because the claims will need to be entirely re-pled on the proper form and the appropriate filing fee will need to be paid. That can and should be done in an entirely new case.")).

The court agrees that Petitioner's concerns that he has not received expedited consideration of his pardon petition are not habeas in nature, but relate to conditions of his confinement. *See, e.g., Banks v. U.S. Pardon Atty.*, C/A No. 5:09-155-KS-MTP, 2010 WL 3620463, at *3 (S.D. Miss. Sept. 9, 2010).

However, dismissal is not required. The court could construe Petitioner's claim as having been brought pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[4] As directed by the Fourth Circuit in addressing a similar situation:

> As a threshold matter, the Commonwealth asserts that Appellant's claims are not cognizable under 28 U.S.C. § 2254. The Commonwealth argues that Appellant's habeas petition is an inappropriate vehicle for Appellant's claims because Appellant is not seeking immediate release from custody. In response, Appellant invites the court to read his complaint as asserting a claim under 42 U.S.C. § 1983. The Supreme Court has held that prisoners may challenge the constitutionality of state parole procedures pursuant to § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Moreover, we read pro se pleadings liberally. *See Carter v. Fleming*, 879 F.3d 132, 137 (4th Cir. 2018). In line with that principle, this court has previously read § 2254 petitions as § 1983 complaints. *See, e.g., Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978). We accept Appellant's invitation and choose to do so here.

*Bowling v. Dir., Virginia Dep't of Corr.*, 920 F.3d 192, 196 (4th Cir. 2019); *see also, e.g., Moorehead v. Bledsoe*, 140 F. App'x 493, 493 n.1 (4th Cir. 2005)

---

[4] In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 against a state official in his personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). Case law involving Section 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

("Moorehead filed a petition under 28 U.S.C. § 2241 (2000), which the district court properly construed as a *Bivens* action.").

Notwithstanding, even if the court were to construe Petitioner's petition as a *Bivens* claim, it would still be subject to dismissal where Petitioner has not argued, nor can the court discern, that he has a constitutional right to have his case manager submit his petition for expedited consideration by the U.S. Pardon Attorney pursuant to BOP Program Statement 1330.15. *See, e.g., Boone v. Carvajal*, C/A No. 6:21-3053-JD-KFM, 2024 WL 3052064, at *12 (D.S.C. Feb. 5, 2024) (collecting cases holding a "federal officials' failure to follow BOP policy does not establish a constitutional violation"), report and recommendation adopted, C/A No. 6:21-3053-JD-KFM, 2024 WL 3052046 (D.S.C. May 3, 2024); *cf. Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("an inmate has no constitutional or inherent right to commutation of his sentence"); *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280 n.2 (1998) ("Respondent alternatively tries to characterize his claim as a challenge only to the application process conducted by the Authority, and not to the final discretionary decision by the Governor. But, respondent still must have a protected life or liberty interest in the application process. Otherwise, as the Court of Appeals correctly noted, he is asserting merely a protected interest in process itself, which is not a cognizable claim.").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion to dismiss. [ECF No. 10].

IT IS SO RECOMMENDED.

August 22, 2024                                      Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).